**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

JULIA ANGWIN, on behalf of herself and all others similarly situated,

*Plaintiffs*,

v.

SUPERHUMAN PLATFORM INC.,

*Defendant*.

Case No. 1:26-cv-02005-JGK

**DECLARATION OF JAKUB KEPCZYNSKI IN SUPPORT OF DEFENDANT SUPERHUMAN PLATFORM INC.'S MOTION TO COMPEL ARBITRATION, ENFORCE CLASS ACTION WAIVER, AND STAY ALL PROCEEDINGS**

I, Jakub Kepczynski, declare as follows:

1. I am Head of Customer Care at Superhuman Platform Inc. ("Superhuman"), formerly known as Grammarly, Inc. ("Grammarly"). In November 2025, Grammarly rebranded as Superhuman. I refer to the company as "Grammarly" where helpful for clarity (e.g., when discussing events occurring before the November 2025 rebrand). I submit this Declaration in support of Superhuman's Motion to Compel Arbitration, Enforce Class Action Waiver, and Stay All Proceedings.

2. I have been working at Superhuman since July 2024, where I serve as Head of Customer Care. In that role, I oversee the team which assists users with issues relating to account creation, sign-in, subscriptions, and the use of Superhuman's products and services, including mobile applications, websites, and software (collectively, "Products"). My responsibilities require me to be thoroughly familiar with Superhuman's account creation and sign-in processes, including the webpages, prompts, and disclosures presented to users, and the manner in which users are presented with and agree to the terms of service. In the course of my day-to-day responsibilities, I oversee and participate in any trust-related discussions and decision-making processes pertaining to customer care. Through my employment, training, and day-to-day responsibilities, I am familiar with the operation of Superhuman's account creation and sign-in systems and the user registration experience, including changes to any of those processes during my tenure at Superhuman.

3. This Declaration is based on my personal knowledge except where, as stated, it is based on records maintained by Superhuman in the ordinary course of its business. If called to testify, I can and would testify to the following facts.

## I. SUPERHUMAN PLATFORM INC.

4. Superhuman is an innovative technology company that develops and provides a variety of free and subscription-based Products. Its offerings include, among other things, an intelligent email client, as well as AI-driven writing and productivity tools delivered through web-based and application-based platforms. One of Superhuman's Products is the Grammarly writing assistant—an AI-powered tool that reviews and provides suggestions regarding grammar, spelling, tone, and style for a user's writing samples. The Grammarly writing assistant is available through the Grammarly website at: https://www.grammarly.com/ (the "Website"), through mobile and desktop applications, and through a web browser extension. I understand that the present lawsuit concerns the Expert Review feature—one of many agents developed by Superhuman and embedded within the Grammarly writing assistant tool. The Expert Review agent was available to "free" and "subscription-based" Grammarly user accounts between August 2025 and March 2026 and is currently disabled.

5. Users can access the Grammarly writing assistant and other Products only after completing the registration process and agreeing to Grammarly's Terms of Service.[1] As detailed below, during account creation and each time a user signs in, all users must agree to the Terms of Service before receiving access to the free and subscription-based Products. These Terms include an arbitration provision that requires users to resolve any claims relating to the Products or these Terms through mandatory arbitration. The Terms also include a class action waiver that requires users to resolve disputes with Superhuman individually.

---

[1] I refer to "Terms of Service," "Terms and Conditions," or "Terms" interchangeably throughout this Declaration.

6. As part of my job responsibilities, I have access to Superhuman's business records that contain information about users of our Products. These records contain registration information for each user, such as user name, email address, the type of account ("free" or "subscription-based"), whether the user registered with their Google or Apple accounts, which browser was used for registration, the date of the account creation, as well as information about the usage of the Products. When someone creates an account, that information is transmitted to Superhuman's databases, which automatically record and store the date and time of the account creation, along with other details. These records are maintained in the ordinary course of Superhuman's business, and I have reviewed the records pertaining to Plaintiff Julia Angwin in preparing this Declaration.

7. I have also reviewed Plaintiff's complaint filed in this case.

8. Based on my review of the records maintained by Superhuman in the ordinary course of its business, I can confirm that on September 25, 2024, Plaintiff created a free account on the Grammarly website using her name "Julia Angwin" and her professional email address. Plaintiff used her Google profile during sign-up, and she used the Google Chrome internet browser during her registration. Attached as **Exhibit A** is a true and correct copy of the excerpt from Superhuman's database confirming the opening details of Plaintiff's Grammarly writing assistant account.

## II. USERS CONSENT TO THE TERMS AND CONDITIONS BEFORE USING THE PRODUCTS

9. As Head of Customer Care, I am familiar with the process by which users sign up for and interface with the Products, including through the Website. A user can navigate to the

Website and create an account to access the Products, which include the Grammarly writing assistant.[2]

10. Included in this Declaration are screenshots of the relevant portions of the Website that a user must complete to create an account. The screenshots were taken on June 8, 2026. Based on my familiarity with the Website and its account creation process throughout my tenure at Superhuman, I can confirm that, in all material and relevant respects, the content and structure of account creation using the Website on June 8, 2026, was materially the same as on September 25, 2024, when Plaintiff created her account using the Website. Therefore, Plaintiff had a substantially similar sign-up experience as any user would have today with the current version of the Website.

11. The process to create a registered account requires a user to visit the welcome page of the Website (https://www.grammarly.com/) and then click on one of the two sign-up buttons, "**Sign up** It's free" or "Sign up with Google" (see Screenshot No. 1, "Website," below). The Website background is white, and the text is gray. The Website displays the hyperlinked Terms and Conditions in green font directly below the sign-up buttons. The statement below the sign-up buttons notifies the user that "[b]y signing up, [the user] agree[s] to the Terms and Conditions and Privacy Policy." The entire screen is visible at once, and the user does not need to scroll beyond what is immediately visible to find the hyperlinked Terms and Conditions. The hyperlinked Terms and Conditions incorporate the Arbitration Provision, as described in more detail below.

---

[2] A user can also download the Grammarly writing assistant application and sign up in the application. I understand from my review of the records that Plaintiff did not use this method of registration, so I do not address it in this Declaration.

*Screenshot No. 1 (Website)*




12. If a user clicks on the "**Sign up** It's free" button at the welcome page, the user is then directed to an interactive pop-up window (see Screenshot No. 2, "Interactive Pop-Up Window") that provides three options for signing up: "Continue with Google," "Continue with Apple," or an option that requires the user to provide their name, email address, and to create a password. For all three options, the pop-up window displays the hyperlinked Terms and Conditions in gray underlined font below the "Agree and Sign up" button and notifies the user that "[b]y signing up, [the user] agree[s] to the Terms and Conditions and Privacy Policy." As on the welcome page, the hyperlinked Terms and Conditions in the interactive pop-up window incorporate the Arbitration Provision.[3]

[3] There is another way to access the interactive pop-up window described in this paragraph. A user can click the "**Get Grammarly** It's free" button in the upper right corner of the welcome page.

*Screenshot No. 2 (Interactive Pop-Up Window)*




13. If a user clicks "Sign up with Google" on the Website's welcome page or "Continue with Google" on the pop-up window, the user is given an option to once again review the

hyperlinked Terms of Service and Privacy Policy displayed in blue font in a Google-generated webpage (see Screenshot No. 3, "Sign in with Google").[4]

*Screenshot No. 3 (Sign in with Google)*




14. The hyperlink to the Terms and Conditions is also displayed every time a user signs in to their account (Screenshot No. 4).

[*continued on the next page*]

[4] The "Terms of Service" hyperlink on Screenshot No. 3 and the "Terms and Conditions" hyperlinks on Screenshots Nos. 1 and 2 direct users to the same website displaying the same Terms and Conditions.

*Screenshot No. 4 (Sign In)*




15. Upon review of Superhuman's records kept in the ordinary course of business, I understand that Plaintiff signed up for her free Grammarly writing assistant account on September 25, 2024, using her name, email address, and Google profile, and she completed her registration

process using the Google Chrome browser from her Mac computer. Accordingly, Plaintiff had the same registration experience as described in paragraphs 11-13 above.

16. I also understand that Plaintiff used the Grammarly writing assistant at least 18 times. Attached as **Exhibit B** is a true and correct copy of the excerpt from Superhuman's database confirming Plaintiff's usage of her Grammarly account.

## III. TERMS OF SERVICE AND ARBITRATION PROVISION

17. Users who click on the "Terms and Conditions" hyperlink are directed to a separate screen titled "Terms of Service," which contains a scrollable version of the Terms, incorporating the Arbitration Provision. The "Terms of Service" apply to "products," which mean "all of our [Grammarly's] products and services, including our apps, websites, and software."

18. Based on my review of Superhuman's business records and my knowledge of the account creation process, when Plaintiff created her account on September 25, 2024, she agreed to Grammarly's then-current Terms of Service. Attached as **Exhibit C** is a true and correct copy of the Terms of Service, including the pre-dispute resolution clause, forum selection clause, Arbitration Provision, and class action waiver, that were in effect on September 25, 2024.

19. The pre-dispute resolution clause states:

> *Let's try to sort things out first*. Before filing a claim against Grammarly, you agree to try to resolve the dispute informally by contacting support@grammarly.com. We'll try to resolve the dispute informally by contacting you via email. If you and we cannot resolve the dispute informally, then a party seeking to bring a formal proceeding must first send to the other, by certified mail, a written Notice of Dispute ("Notice"). The Notice to Grammarly should be sent to Superhuman Platform Inc., 2261 Market Street, Suite 85232, San Francisco, CA 94114 United States., Attn: Legal Department. The Notice must (i) describe the nature and basis of the claim or dispute and (ii) set forth the specific relief sought. If Grammarly and you do not resolve the claim within sixty (60) calendar days after receiving the Notice, you or Grammarly may commence a formal proceeding.

**Exhibit C** (first emphasis in original).

20. I reviewed the relevant records and materials kept in the ordinary course of business and I understand Plaintiff did not contact Superhuman at support@grammarly.com before March 11, 2026 (the date of this lawsuit).

21. The Arbitration Provision is governed by California law.

22. The Arbitration Provision provides that all disputes between Plaintiff and Grammarly related to the Products must be resolved through mandatory arbitration. Specifically, the Arbitration Provision states:

> **IF YOU'RE A U.S. RESIDENT, YOU ALSO AGREE TO THE FOLLOWING MANDATORY ARBITRATION PROVISIONS:**
>
> *We both agree to arbitrate.* You and Grammarly agree to resolve any claims relating to these terms **or our products** through final and binding arbitration by a single arbitrator, except as set forth under "Exceptions to agreement to arbitrate" below. This includes disputes arising out of or relating to interpretation or application of this "Mandatory Arbitration Provisions" section, including its enforceability, revocability, or validity.

**Exhibit C** (first emphasis in original; second, boldface emphasis added).

23. The Arbitration Provision also provides that any arbitration shall be conducted by the American Arbitration Association under its Commercial Arbitration Rules.

24. The Arbitration Provision also contains an opt-out provision, which states the following:

> Opt-out of agreement to arbitrate. You have the right to opt out of these arbitration provisions (and any future changes to arbitration provisions) by emailing arbitration-opt-out@grammarly.com within 30 days of agreeing to a version of these terms containing arbitration terms (however, if you agreed to a previous version of these terms of service that contain an arbitration provision, you are still bound by those arbitration provisions).

25. Superhuman maintains records concerning all users who elect to opt out of the Arbitration Provision. These records are maintained in the ordinary course of business. Plaintiff's

name and email addresses are not in the records of those who elected to opt out, and I found no records reflecting that Plaintiff opted out.

26. The Terms of Service also contain a class action waiver, which states the following:

> ***NO CLASS ACTIONS.*** You may only resolve disputes with us individually. That is, you may not bring a claim as a plaintiff or a class member in a class, consolidated, or representative action. Class arbitrations, class actions, private attorney general actions, and consolidation with other arbitrations aren't allowed.

**Exhibit C** (emphasis in original).

* * *

27. I have, to the best of my ability, identified the materials relevant to the present dispute. If Plaintiff provides new, additional, or different information about her account creation process or other information related to this matter, I reserve the right to supplement this Declaration.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on June 11, 2026, in Berlin, Germany.

Jakub Kepczynski