June 23, 2026

The Honorable John G. Koeltl
United States District Judge
500 Pearl Street
New York, NY 10007

Re: *Angwin v. Superhuman Platform, Inc.*, No. 1:26-cv-02005-JGK-RWL,
Request to Stay the Litigation for the Parties to Pursue Mediation

Dear Judge Koeltl:

Plaintiff Julia Angwin and Defendant Superhuman Platform, Inc. ("Superhuman") (collectively, "the Parties") write jointly to request a stay of all deadlines in this action until October 15, 2026, so that the parties can exclusively focus their efforts on settling this action on a class-wide basis with the aid of a private mediator.

On March 11, 2026, Plaintiff filed a class action complaint alleging that Superhuman, the owner of Grammarly, violated the statutory and/or common law rights of publicity of Ms. Angwin and a proposed class when Superhuman launched and operated an Expert Review tool that gave Grammarly users real-time comments on users' writing. *See* Complaint ¶¶ 1-3, 13-34, 47-70, ECF No. 1.

On March 30, 2026, the Court scheduled an Initial Conference for July 27, 2026, at 3pm. Minute Order (Mar. 30, 2026). On May 29, 2026, the Court held a Pre-Motion Conference with respect to Superhuman's Motion to Compel Arbitration and Motion to Dismiss ("the Motions"). *See* May 29, 2026 Minute Entry. On June 5, 2026, the Court entered a jointly proposed stipulation and scheduling order for the parties to brief the Motions or alternatively for Plaintiff to amend the complaint. ECF No. 16. On June 15, 2026, Superhuman filed the Motions. ECF Nos. 17-21. After the Motions were filed, Plaintiff informed Superhuman that she intends to amend the complaint, which is due by July 16, 2026 under the current schedule.

At this time, the parties would like to stay the case so that they can exclusively focus their efforts on resolving the dispute on a class-wide basis through private mediation and therefore request that that the Court stay all deadlines and proceedings until October 15, 2026.

The parties are currently working to select a private mediator who has experience mediating complex class actions, and they plan to schedule at least one joint mediation session in September 2026 or early October 2026 (based on the availability of the mediator), with the goal of resolving this action in its entirety. In advance of the mediation, the parties expect to engage in appropriate informal discovery so that the Parties can make informed judgments about liability and potential damages in this action and identify the proposed class members. In fact, on June 3, 2026, Superhuman provided a significant amount of information to Plaintiff about the Expert Review tool at issue in this case that will enable her and her counsel to identify the number of class members, formulate an appropriate settlement proposal, and negotiate a settlement.

PRF
LAW

Granting the requested stay of the action will promote judicial economy and permit this Court to effectively control the disposition of cases on its docket with economy of time and effort for the Court, counsel, and the litigants. *See Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936) ("[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants."). Courts in this district often grant stays to allow for mediation in complex class actions. *See, e.g.*, *In re Lemonade, Inc. Data Disclosure Litigation,* No. 1:25-cv-04106 (S.D.N.Y 2025), ECF No. 28.

The parties propose that they jointly report to the Court the results of the mediation on or before October 15, 2026. If the mediation is successful, Plaintiff will submit a motion for preliminary approval of the settlement by October 15, 2026, or she will request additional time for the parties to finalize a settlement agreement and file a preliminary approval motion. If the mediation is unsuccessful, the stay would expire on October 15, 2026, and the Parties propose that Plaintiff file an amended complaint by November 16, 2026. If Plaintiff amends the complaint, the Parties would propose a briefing schedule for briefing any motion that Superhuman subsequently files.

Respectfully submitted,

PETER ROMER-FRIEDMAN LAW PLLC

*/s/ Peter Romer-Friedman*
Peter Romer-Friedman
1629 K Street, NW, Suite 300
Washington, DC 20006
(202) 355-6364
peter@prf-law.com

*Attorneys for Plaintiff*

ARNOLD & PORTER KAYE SCHOLER LLP

*/s/ Dori Ann Hanswirth*
Dori Ann Hanswirth
250 West 55th Street
New York, NY 10019-9710
(212) 836-8095
Dori.Hanswirth@arnoldporter.com

*Attorneys for Defendant*